**AmBase Corp. v 111 W. 57th Sponsor LLC**

2024 NY Slip Op 33823(U)

October 25, 2024

Supreme Court, New York County

Docket Number: Index No. 652301/2016

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-------------------------------------------------------------------------------X

AMBASE CORPORATION, 111 WEST 57TH MANAGER FUNDING LLC,111 WEST 57TH INVESTMENT LLC, ON BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF OF 111 WEST 57TH PARTNERS LLC,111 WEST 57TH MEZZ 1 LLC,

| | |
|---|---|
| **INDEX NO.** | 652301/2016 |
| **MOTION DATE** | 08/13/2024, 09/23/2024 |
| **MOTION SEQ. NO.** | 028 029 |

Plaintiffs,

- v -

**DECISION + ORDER ON MOTION**

111 WEST 57TH SPONSOR LLC,111 WEST 57TH CONTROL LLC,111 WEST 57TH DEVELOPER LLC, KEVIN MALONEY, MATTHEW PHILLIPS, MICHAEL STERN, NED WHITE, 111 CONSTRUCTION MANAGER LLC, PROPERTY MARKETS GROUP, INC., JDS DEVELOPMENT LLC, JDS CONSTRUCTION GROUP, LLC, PMG CONSTRUCTION GROUP LLC, MANAGER MEMBER 111W57 LLC, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, 111 WEST 57TH PARTNERS LLC (AS A NOMINAL DEFENDANT), 111 WEST 57TH MEZZ 1 LLC,

Defendants.

-------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 028) 821, 822, 823, 824, 825, 826, 827, 828, 829, 830, 831, 832, 833, 834, 835, 836, 837, 838, 839, 840, 841, 842, 843

were read on this motion for _____CONTEMPT_____.

The following e-filed documents, listed by NYSCEF document number (Motion 029) 847, 848, 849, 850, 852, 853, 854

were read on this motion for _____PROTECTIVE ORDER_____.

Plaintiffs AmBase Corporation, 111 West 57th Manager Funding LLC, and 111 West

57th Investment LLC, on behalf of itself and derivatively on behalf of 111 West 57th Partners

LLC ("Partners") and 111 West 57th Mezz 1 LLC (collectively, "Plaintiffs") move for an Order

(1) compelling non-party deponent Atlantic 57 LLC to appear for a deposition via its corporate

representative, Arthur Becker; (2) compelling non-party deponent David Juracich to appear for a

deposition; (3) holding each of Atlantic 57 LLC and David Juracich in contempt under N.Y. Judiciary Law § 753 for failure to appear for their respective depositions and thereby failing to comply with a subpoena commanding attendance; and (4) awarding attorneys' fees and costs in connection with this motion (Mot. Seq. 028).

Defendants 111 West 57th Sponsor LLC, Kevin Maloney, Michael Stern, JDS Development LLC, JDS Construction Group LLC, Property Markets Group, Inc., and PMG Construction Group LLC (collectively, the "Sponsor Defendants") oppose Plaintiffs' motion and also filed a motion seeking an Order (i) pursuant to CPLR § 3103, issuing a protective order prohibiting plaintiffs from pursuing any further fact discovery absent permission of the Court or, alternatively, staying the depositions of Arthur Becker and David Juracich until the Court has ruled on plaintiffs motion to compel their depositions; and (ii) pursuant to CPLR § 3126, awarding Sponsor Defendants their costs and attorneys' fees incurred in bringing this motion.

Neither Arthur Becker nor David Juracich have responded to this motion.

## DISCUSSION

Plaintiffs' motion is granted in part. Here, Plaintiffs submit that they served David Juracich and Atlantic 57 LLC with subpoenas on, respectively, February 7, 2024, and February 13, 2024 (NYSCEF 824, 825, 840, 841). Despite this, Plaintiff has been unable to confirm deposition dates with Mr. Juracich following his cancellation of a July 8, 2024 deposition due to a work conflict, or in the case of Mr. Becker due to Plaintiffs' own unavailability in May 2024

(NYSCEF 823 ["Kearney Affirm"] ¶¶ 6-11).  Plaintiffs submit that at the time of filing this motion, both Mr. Juracich and Mr. Becker have since failed to confirm dates.[1]

As Plaintiffs are aware, the end date for fact discovery, including depositions, was July 12, 2024.  Plaintiffs failed to move to compel the above-referenced depositions before that date.[2]  However, given that these witnesses are relevant to Plaintiffs' claims, and the witnesses themselves have not moved for a protective order, or to otherwise quash the subpoenas, the Court will allow limited depositions of four hours each to proceed virtually or in person, whichever is convenient for the non-parties, before November 15, 2024.  No extension of the Note of Issue date is granted on this motion.

Given this ruling, the Sponsor Defendants' motion for a protective order or a stay of the deposition pending the decision on Mot. Seq. 028 is moot.

Finally, Plaintiffs' contempt motion is denied. While a third party's failure to appear for a deposition may be punishable by contempt either by a fine or other relief (NY Judiciary Law § 753[5] [court can hold in contempt "[a] person subpoenaed as a witness, for refusing or neglecting to obey the subpoena, or to attend, or to be sworn, or to answer as a witness"]), on this record, Plaintiffs have not demonstrated by clear and convincing evidence (*El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]) that either non-party disregarded "a lawful order of the court,

---

[1] However, Plaintiffs submit that in September 2024, Mr. Juracich contacted Plaintiffs' counsel and agreed to make himself available.  Plaintiffs' counsel contacted Sponsor Defendants' counsel and informed that them that they intended to take the remote deposition of Mr. Juracich on September 24, 2024 (*see* NYSCEF 849 ["Dobbs Aff."] ¶ 5).  The Sponsor Defendants objected to this and argue that Plaintiffs needed the Court's permission to proceed given that the end date for fact discovery had passed, and this issue was currently pending before the Court.

[2] While Plaintiff did file a letter with the Court informing the Court of the need for the extension, it did so on July 12, 2024 (NYSCEF 783), *i.e.*, the date that fact discovery closed (NYSCEF 755).  However, it appears that the parties did agree to extend dates for other depositions after July 12, 2024.

[* 3]

***clearly expressing an unequivocal mandate***" (*id.* [emphasis added]). Unlike in *Bankers Tr. Co. v Braten* (194 AD2d 378, 379 [1st Dept 1993]), wherein the court found that non-party was in contempt for failure to appear on the date and location listed in the subpoena, here Plaintiffs do not allege any that either party failed to appear for a date set in the subpoena (March 19, 2024 and March 21, 2024) or that either party has actually failed to appear for any set date thereafter without notice (albeit in Mr. Juracich's case, very short notice).

Both parties' requests for costs and attorneys' fees are denied.

Accordingly, it is

**ORDERED** that Plaintiffs' motion (Mot. Seq. 028) is **GRANTED IN PART** and Arthur Becker and David Juracich shall appear for a virtual or in person deposition, not to extent a period of four hours each, before November 15, 2024; the motion is otherwise denied; and it is further

**ORDERED** that the Sponsor Defendants' motion (Mot. Seq. 029) is **DENIED AS MOOT**.

20241025160011JMCOHEN9EEAB8CA7323432DA0DAD64264B7C016

| 10/25/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **JOEL M. COHEN, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |